**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Michael Savetsky, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| Cinram Group, Inc., *et al.*,[1] | Case No. 17-15258 (VFP) |
| Reorganized Debtors. | (Jointly Administered) |
|  | **Hearing Date: May 29, 2019 at 10:00 a.m. (ET)** |
|  | **Objection Deadline: May 22, 2019** |

## NOTICE OF DEBTORS' OBJECTION SEEKING AN ORDER
## DISALLOWING CLAIM NO. 30 FILED BY
## CALIFORNIA SELF-INSURERS' SECURITY FUND

To:    California Self-Insurers' Security Fund
c/o Louis J. Cisz, III, Esq.
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111

Daniel Gibbons, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Cinram Group, Inc. (0588), Cinram Property Group, LLC (9738), and Cinram Operations, Inc. (7377). The Debtors conduct all of their business affairs out of offices located at 220 South Orange Avenue, Livingston, New Jersey 07039.

**PLEASE TAKE NOTICE** that the above-captioned reorganized debtors (collectively, the "Debtors") have filed the enclosed *Debtors' Objection Seeking An Order Disallowing Claim No. 30 Filed By California Self-Insurers' Security Fund* (the "Objection"), which seeks to alter your rights by disallowing Claim No. 30 filed by California Self-Insurers' Security Fund.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before **May 22, 2019**.  You must also serve a copy of your response upon counsel to the Debtors, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn.: Mary E. Seymour, Esq. and Michael Savetsky, Esq.

**PLEASE TAKE FURTHER NOTICE** that if you file a response, you or your attorney must appear at a hearing on the Objection that will be held before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in Courtroom 3B of the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, on **May 29, 2019 at 10:00 a.m. (ET).**

**PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR A HEARING.**

[*Remainder of page intentionally left blank*]

Dated:  April 25, 2019                          Respectfully submitted,

                                                **LOWENSTEIN SANDLER LLP**

                                                */s/* Michael Savetsky
                                                Kenneth A. Rosen, Esq.
                                                Mary E. Seymour, Esq.
                                                Michael Savetsky, Esq.
                                                One Lowenstein Drive
                                                Roseland, New Jersey 07068
                                                (973) 597-2500 (Telephone)
                                                (973) 597-2400 (Facsimile)
                                                krosen@lowenstein.com
                                                mseymour@lowenstein.com
                                                msavetsky@lowenstein.com

                                                *Counsel to the Reorganized Debtors*

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Michael Savetsky, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Cinram Group, Inc., *et al.*,[1] | Case No. 17-15258 (VFP) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Hearing Date: May 29, 2019 at 10:00 a.m. (ET)**<br>**Objection Deadline: May 22, 2019** |

**DEBTORS' OBJECTION SEEKING AN ORDER DISALLOWING CLAIM
NO. 30 FILED BY CALIFORNIA SELF-INSURERS' SECURITY FUND**

The above-captioned reorganized debtors (collectively, the "Debtors"), by and through their undersigned counsel, file this objection (the "Objection"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, disallowing Claim No. 30 filed by California Self-Insurers' Security Fund (the "California Security Fund") against Cinram Group, Inc. ("CGI"). In support of this Objection, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Cinram Group, Inc. (0588), Cinram Property Group, LLC (9738), and Cinram Operations, Inc. (7377). The Debtors conduct all of their business affairs out of offices located at 220 South Orange Avenue, Livingston, New Jersey 07039.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984 and amended on September 18, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

3.      On March 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

4.      A detailed description of the Debtors' business and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the *Declaration of Glenn R. Langberg in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Doc. No. 8], filed on the Petition Date.

5.      On June 15, 2017, the Court entered an *Order (A) Establishing Deadlines to File Proofs of Claim Against the Debtors, Including but not Limited to Claims Arising under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Notice of the Bar Dates, (C) Authorizing Publication of the Bar Dates, and (D) Granting Related Relief* (the "Bar Date Order") [Doc. No. 128].

6.      The Bar Date Order established July 25, 2017 (the "General Bar Date") as the date by which all persons and entities, other than governmental units, asserting a prepetition claim against the Debtors, were required to file a proof of claim.  *See* Bar Date Order, ¶ 1.

7.      The Bar Date order further provided as follows: "[a]ny person, entity, or governmental unit that is required to file a proof of claim in the form and manner specified in this Order and that fails to do so on or before the applicable Bar Date, shall not, with respect to

-2-

such claim, be treated as a creditor of the Debtors for the purpose of voting upon any chapter 11 plan, shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their estates, or their successors or assigns with respect to such alleged claim, and shall be forever barred from asserting such alleged claim against the Debtors, their estates, or their successors or assigns, unless otherwise ordered by this Court." *See id.*, ¶ 6.

8.    On June 16, 2017, in accordance with the Bar Date Order, the Debtors served the *Notice of Deadlines for Filing Proofs of Claim Against the Debtors* (the "Bar Date Notice") [Doc. No. 103-4] on, among other parties, the "Self-Insurers' Security Fund," "Attn: President," at the following address: 555 12 St. Suite 680, Oakland, CA 94607. *See Certification of Service* (the "Certification of Service of the Bar Date Notice") [Doc. No. 129], at p. 18. A copy of the Certification of Service of the Bar Date Notice is attached hereto as Exhibit B.

9.    The Bar Date Order also directed the Debtors to publish a notice of deadlines for filing proofs of claim against the Debtors (the "Publication Notice") once in USA Today and once in The Globe and Mail. The Bar Date Order provided that such publication "shall be conclusive proof that all unknown creditors of the Debtors have received good and sufficient notice of the Bar Dates and the procedures for filing proofs of claim in the Debtors' Chapter 11 Cases." *See* Bar Date Order, ¶ 12.

10.    On June 23, 2017, the Debtors filed a *Certification of Publication* verifying that the Publication Notice was published in USA Today and The Globe and Mail on June 20, 2017. [Doc. No. 142]. The Certification of Publication is attached hereto as Exhibit C.

11.    On November 27, 2018, the Debtors filed the *Debtors' Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Doc. No. 568].

12.    On November 30, 2018, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming Debtors' Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Doc. No. 575], confirming the Plan.

13.    On March 11, 2019, the Debtors filed a *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* (the "Notice of Effective Date")

[Doc. No. 609], which stated that the Effective Date (as defined in the Plan) occurred on March 1, 2019.

14.     The Confirmation Order and Notice of Effective Date provided that all proofs of claim with respect to claims arising from the Debtors' rejection of any executory contract must be filed and served on the Debtors within 30 days after the Effective Date, or by March 31, 2019 (the "Rejection Claims Bar Date").  *See* Confirmation Order, ¶ 69; Notice of Effective Date at p. 1.

## CALIFORNIA SECURITY FUND'S PROOF OF CLAIM

15.     On March 29, 2019 (more than 20 months after the General Bar Date), California Security Fund filed a proof of claim against CGI, ascribed claim number 30 on the Court's claims register (the "Claim" or "Claim No. 30"), asserting a general unsecured claim in the amount of $1,842,000.  A copy of the Claim is attached hereto as Exhibit D.  The alleged basis for the Claim is "Debtor's rejection of an executory contract to pay workers' comp."  *See* Claim, p. 2.

16.     The Claim includes a two-page rider (the "Rider"), which further states that "[the Claim] is based on the Debtor's rejection (breach) of its agreement to self-insure for workers' compensation claims incurred in California."  *See* Rider, ¶ 3.  The Rider states that the Claim is composed of $199,000 in sums paid to date by California Security Fund on CGI's behalf and $1,643,000 in estimated reserves for workers' compensation claims.  *Id.*

17.     No executory contract was attached to or identified by the Claim or the Rider. The Debtors are not aware of any contract between CGI and California Security Fund.  Despite requests by the Debtors, California Security Fund has failed to provide the Debtors with a copy of any such contract.

18.     The Rider states that California Security Fund's mailing address is "555, 12th Street, Oakland, CA 94607".  *Id.*, ¶ 1.

## RELIEF REQUESTED

19.     By this Objection, the Debtors request entry of the Proposed Order disallowing California Security Fund's Claim because it was untimely filed after the General Bar Date.

**BASIS FOR RELIEF**

20.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

21.     Pursuant to section 502(b)(9) of the Bankruptcy Code, a claim shall not be allowed "to the extent that . . . proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9).

22.     As discussed further below, the Claim was subject to the General Bar Date of July 25, 2017 and was untimely filed *more than 20 months after* the General Bar Date.  California Security Fund should not be permitted to restyle its late claim as a rejection damages claim in a blatant attempt to shoehorn it as such in order to avoid the consequences of its failure to timely file a claim by the General Bar Date.

**A.     The Claim is Not Based on the Rejection of an Executory Contract**

23.     California Security Fund couched its Claim as arising from the rejection of an executory contract with CGI.  *See* Claim, p. 2.

24.     While the term 'executory contract' is not defined in the Bankruptcy Code, the Third Circuit has adopted the following definition: "An executory contract is a contract under which the obligation of both the bankrupt and the other party to the contract are so far underperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other."  *In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 239 (3d Cir. 1995); (quoting *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989) (edits omitted) (quoting Countryman, *Executory Contracts in Bankruptcy, Part I*, 57 MINN. L. REV. 439, 460 (1973)); *In re Thane Int'l, Inc.*, 586 B.R. 540, 544-45 (Bankr. D. Del. 2018); *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 121 (Bankr. D. Del. 2015).

25.     The Debtors are not aware of any executory contract between California Security Fund and CGI.  Indeed, neither the Claim nor the Rider identify or attach any such executory contract.  Instead, the Rider states only that "[the Claim] is based on the Debtor's rejection

(breach) of its agreement to self-insure for workers' compensation claims incurred in California." *See* Rider, ¶ 3.

26.    Because there is no executory contract between California Security Fund and CGI, or any other Debtor, California Security Fund had no basis to assert a rejection damages claim under the purview of the Rejection Claims Bar Date.  Accordingly, the Claim was subject to the General Bar Date of July 25, 2017 and should be disallowed.

**B.    Even if an Executory Contract Exists, the Claim Does Not Arise From Rejection of Such Executory Contract**

27.    Even assuming, *arguendo*, that an executory contract exists between CGI and California Security Fund (which it does not), the Claim does not assert any damages arising out of or flowing from rejection of such contract.  Section 502(g)(1) of the Bankruptcy Code mandates that a rejection damages claim must be a "[a] claim *arising from the rejection* . . . of an executory contract. . . ."  11 U.S.C. § 502(g)(1) (emphasis added).

28.    Rejection damages can only include prospective damages, *i.e.*, damages that arise out of or flow from (and after) the actual rejection of the contract.  *See In re Sturgis Iron & Metal Co., Inc.*, 420 B.R. 716, 751-52 (Bankr. W.D. Mich. 2009) (rejection damages are limited to those damages first arising post-rejection); *In re Palace Quality Servs. Indus., Inc.*, 283 B.R. 868, 887-88 (Bankr. E.D. Mich. 2002) (rejection damage claims are prospective only and are subject to section 502(g) of the Bankruptcy Code, whereas claims existing as of the petition date are subject to section 502(b)).  They also do not include damages that would exist irrespective of the rejection.  *See In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2015 WL 1806347, at *9 (Bankr. D. Del. Apr. 16, 2015) (holding that courts have recognized a "simple test" to determine whether claims related to an executory contract or unexpired lease "arise from" the rejection or termination thereof: "'Assuming all other conditions remain constant, would the landlord have the same claim against the tenant if the tenant were to assume the lease rather than rejecting it?'") (quoting *In re El Toro Materials Co., Inc.*, 504 F.3d 978, 981 (9th Cir. 2007)).

29.    If a claim is not based on the rejection of an executory contract, the deadline for filing claims based on rejection of executory contracts obviously does not apply.  Instead, the

applicable claim deadline is the general claims bar date. *See In re Whyco Finishing Tech., LLC*, 500 B.R. 517, 537 (Bankr. E.D. Mich. 2013) (reasoning that if the claimant's lease with the debtor was not rejected, then the deadline to file a rejection claim did not apply to that claim at all; instead, the applicable claim deadline was the general claims bar date); *see also Bell v. Brothers Properties Smyrna, LLC (In re Bell)*, 535 B.R. 432, 434–35 (Bankr. N.D. Ga. 2015) (holding that a claim for "'back rent' due on the petition date . . . [was] unrelated to the assumption or rejection of the Lease" and was thus subject to the prior general claims bar date under Rule 3002(c)); *In re Cmehil*, 43 B.R. 404, 406-07 (Bankr. N.D. Ohio 1984) (finding in a chapter 7 case that because a tardily filed claim was not based on the rejection of an executory contract, the exception from the general claims bar date established under Bankruptcy Rule 3002(c)(4) did not apply); *In re Adams*, No. A09-00487-DMD, 2010 WL 7786037, at *1 (Bankr. D. Alaska June 1, 2010) (court could not extend a claims bar date where no exception under Bankruptcy Rule 3002(c), including that the claim arose from the rejection of an executory contract, applied to a late-filed claim).

30.    The Rider states that the Claim is composed of $199,000 in sums paid to date by California Security Fund on CGI's behalf and $1,643,000 in estimated reserves for workers' compensation claims. *See* Rider, ¶ 3.  Nothing in the Claim or Rider asserts or explains how the alleged Claim arises out of or flows from the actual rejection of the alleged (but unidentified) contract. *See Palace Quality Servs. Indus.*, 283 B.R. at 887-88.  Indeed, it appears that the alleged Claim would exist whether or not the Debtors rejected any executory contract. *See Filene's Basement*, 2015 WL 1806347 at *9.

31.    Because the Claim is not based on the rejection of an executory contract, the Claim was subject to the General Bar Date of July 25, 2017 and should be disallowed. *See Whyco Finishing Tech.*, 500 B.R. at 537.

**C.    The Claim Should Be Disallowed Because It is Untimely**

32.    The case law within the Third Circuit makes clear that claims bar date deadlines must be strictly adhered to. *See Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that

bars all prepetition claimants who received the required notice."); *In re Energy Future Holdings Corp.*, 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) (a bar date is "akin to a statute of limitations, and must be strictly observed") (quotations omitted); *see In re Trump Taj Mahal Assocs.*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993) ("The well-established law of this Circuit is also that bar dates for filing Proofs of Claim are strictly construed."); *see also In re New Century TRS Holdings, Inc.*, 446 B.R. 656, 664 (Bankr. D. Del. 2011) (disallowing untimely filed claim).

33.     A bar date is critically important to the administration of a successful Chapter 11 case and the Chapter 11 process because it:

> serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful organization. . . .  Thus, a bar [date] does not function merely as a procedural gauntlet, . . . but as an integral part of the reorganization process.

*First Fidelity Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) (quotations omitted).

34.     The Court of Appeals for the Third Circuit has held that if a claimant is a "known creditor", then due process entitles it to actual notice of the debtor's bankruptcy proceedings. *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d. Cir. 1995).  Likewise, a debtor must provide actual notice of the bar date to "known creditors".  *West Salem Storage, LLC v. Exide Techs. (In re Exide Techs.)*, Case No. 13-11482 (KJC), Adv. No. 17-51826 (KJC), 2019 WL 1429381, at *7 (Bankr. D. Del. Mar. 28, 2019) (citing *Energy Future Holdings*, 522 B.R. at 529)  If a claimant is an "unknown creditor", however, then notice by publication is sufficient to satisfy the requirements of due process.  *Chemetron*, 72 F.3d at 345-46; *see West Salem Storage*, 2019 WL 1429381 at *7, *8.

35.     Here, the Debtors provided California Security Fund with actual and timely notice of the General Bar Date in accordance with the Bar Date Order.

36.     As noted above, paragraph 1 of the Rider states that California Security Fund's address is "555, 12th Street, Oakland, CA 94607".  *See* Rider, ¶ 1.

37.    The Debtors served the Bar Date Notice on "Self-Insurers' Security Fund," "Attn: President," at "555 12 St. Suite 680, Oakland, CA 94607" on June 16, 2017.  *See* Certification of Service of the Bar Date Notice, p. 18.  Moreover, this is the same address California Security Fund lists on its website.  *See* http://www.securityfund.org/contact/, *accessed* Apr. 22, 2019, screenshot attached hereto as Exhibit E.

38.    Based on the foregoing, it is clear that California Security Fund had actual notice of the General Bar Date.

39.    In addition, the Debtors published the Publication Notice in USA Today and The Globe and Mail on June 20, 2017, as directed by the Bar Date Order.  *See* Certification of Publication, attached hereto as Exhibit C.  Thus, although not required, California Security Fund also received constructive notice of the General Bar Date.

40.    Notwithstanding having actual and constructive notice of the July 25, 2017 General Bar Date, California Security Fund filed the Claim on March 29, 2019, more than 20 months late.  This transparent attempt to bootstrap the Claim to the Rejection Claims Bar Date to save it from being untimely should not be permitted or condoned by this Court.

41.    For the foregoing reasons, the Claim should be disallowed.

## WAIVER OF MEMORANDUM OF LAW

42.    Because the legal basis upon which the Debtors rely is incorporated herein and this Objection does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NO PRIOR REQUEST

43.    No previous request for the relief sought herein has been made to this or to any other court.

## RESERVATION OF RIGHTS

44.    The Debtors expressly reserve the right to amend, modify, or supplement this Objection at any time.  To the extent the Court does not disallow California Security Fund's

Claim, the Debtors expressly reserve all rights to object to the Claim on any and all additional grounds.

## NOTICE

45.     Notice of this Objection has been given to (i) California Self-Insurers' Security Fund c/o Louis J. Cisz, III, Esq., Nixon Peabody LLP, One Embarcadero Center, 32nd Floor, San Francisco, California 94111; (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; and (iii) those parties who, after entry of the Confirmation Order, have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002 and section 13.17 of the Plan.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order disallowing Claim No. 30 filed by California Security Fund and grant the Debtors such other and further relief as the Court deems appropriate.

Dated:  April 25, 2019                    Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

*/s/ Michael Savetsky*
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
Michael Savetsky, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
mseymour@lowenstein.com
msavetsky@lowenstein.com

*Counsel to the Reorganized Debtors*